## HAMMANN v. JORDAN.

(*Superior Court of New York City, General Term.* February 13, 1891.)

TAXATION OF COSTS.

In an action the complaint in which demanded judgment for money only, defendant set up a counter-claim. The complaint was dismissed on the merits. There was no judgment in plaintiff's favor on the counter-claim. *Held* that, as plaintiff would be entitled to costs in such an action, under Code Civil Proc. N. Y. §§ 3228, 3234, only on a final judgment in his favor, he was not entitled to an allowance computed on the amount of the counter-claim.

Appeal from trial term.

Action by Valentine Hammann against Richard Jordan, to recover half the expense of building a party-wall. Defendant's answer denied that the wall was a party-wall, and set up a counter-claim for use and occupation of his land on which it stood, and for the cost of walls he was compelled to build by reason of defect in the alleged party-wall. At the trial the complaint was dismissed on the merits, and judgment was entered thereon for defendant for costs, and for plaintiff for an allowance computed on the amount of defendant's counter-claim. There was no judgment in plaintiff's favor on the counter-claim. Defendant appeals from so much of the judgment as granted such allowance to plaintiff. Code Civil Proc. N. Y. § 3228, provides: "The plaintiff is entitled to costs, of course, upon the rendering of a final judgment in his favor, in either of the following actions: * * * (4) An action, other than one of those specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only." And section 3234, relating to allowing costs to both parties where each recovers upon one or more of several issues of fact, provides: "But this section does not entitle a plaintiff to costs, in a case specified in subdivision fourth of sec-

tion 3228 of this .act, where he is not entitled to costs, as prescribed in that subdivision." For former reports, see .9 N. Y. Supp. 423, and 13 N. Y. Supp. 228.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

A. Britton Havens, for appellant.    Jacob F. Miller, for respondent.

PER CURIAM. The plaintiff, not having succeeded in the action, which was for a money demand, is not entitled to an additional allowance, nor was there judgment in his favor on the counter-claim. Sections 3228, 3234. The part of the judgment appealed from by defendant is reversed.